**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAREN L. PALMER and TRIGON GROUP, INC.,<br><br>Defendants. | CIVIL ACTION NO.: 1:09-cv-00076-EJL |

**CONSENT ORDER OF PRELIMINARY INJUNCTION WITH ASSET FREEZE**

Plaintiff, the Commodity Futures Trading Commission ("Commission"), and Defendants Daren L. Palmer ("Palmer") and Trigon Group, Inc. ("Trigon") have consented to the entry of this Order for Preliminary Injunction with Asset Freeze ("Order") without an adjudication of the merits on any issue of fact or law, without waiving any privilege under the Fifth Amendment to the United States Constitution, and without admitting or denying the allegations of the Complaint filed in this action except as to venue and the Court's personal jurisdiction over Defendants, which venue and personal jurisdiction Defendants admit. The Court having considered all pleadings, memoranda, declarations, and other exhibits filed with the Court, and now being fully advised in the premises, finds:

1. This Court has jurisdiction over the parties and the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act, as amended (the "Act") 7 U.S.C. § 13a-1 (2006).

2. Venue lies properly within this District pursuant to Sections 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006).

3. There is good cause to believe that the Defendants have engaged in, are engaging in or are about to engage in acts and practices constituting violations of the Act, 7 U.S.C. §§ 1, et seq. (2006).

4. There is substantial likelihood that, absent the continuation of the asset freeze, Defendants will conceal, dissipate or otherwise divert their assets, thereby defeating the possibility of effective final relief in the form of equitable monetary relief for investors.

5. Absent a preliminary injunction, there is reasonable likelihood that Defendants' violations of the Commodity Exchange Act will be repeated. There is no just reason for delay in entering this Order.

**DEFINITIONS**

For the purposes of this Order, the following definitions apply:

1. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records (including, but not limited to, floppy diskettes, hard disks, ZIP disks, CD-ROMs, optical discs, backup tapes, printer buffers, smart cards, memory calculators, pagers, personal digital assistants such as Palm Pilot computers, as well as printouts or readouts from any magnetic storage device), and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

2. “Assets” means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

3. “Defendants” means Daren L. Palmer and Trigon Group, Inc. and for all parties includes any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of the Defendants, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Defendants.

## RELIEF GRANTED

### *Prohibited Conduct*

### I.

**IT IS HEREBY ORDERED** that Defendants are restrained and enjoined from violating the anti-fraud provisions of Section 4b(a)(2) and 4*o*(1) of the CEA, 7 U.S.C. §§ 6(b)(a)(2) and 6o(1) (2006), and Section 4b(a)(1) of the Act as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act (“CRA”)), § 13102, 122 Stat. 1651 (effective June 18, 2008), to be codified at 7 U.S.C. § 6(b)(a)(1) by directly or indirectly employing a device, scheme, or artifice to defraud commodity pool participants, or engaging in transactions, practices or a course of business which operates as a fraud or deceit upon commodity pool participants.

**II.**

**IT IS FURTHER ORDERED** that Defendants are restrained and enjoined from directly or indirectly soliciting or accepting any new customers for commodity futures or commodity options trading or soliciting or accepting any funds from existing customers.

***Continued Force and Effect of February 26, 2009 SRO***

**III.**

**IT IS FURTHER ORDERED** that the mandates of the Statutory Restraining Order ("SRO") dated February 26, 2009, shall continue with respect to Defendants pending further order of this Court. Specifically, Defendants shall abide by all obligations of the SRO, including those pertaining to the appointed Receiver. The asset freeze applies to all assets under the control of Defendants. The asset freeze does not apply to wages and earnings obtained by Defendant Palmer from legitimate legal employment unrelated to the conduct set forth in the complaint after the entry of this Order.

**IV.**

**IT IS FURTHER ORDERED** that upon entry of this Order Defendants shall provide a signed copy of the attached *Consent To Release Of Financial Records* to the Plaintiff and Receiver.

***Service of Order***

**V.**

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant that may be subject to any provision of this Order.

***Service on the Commission***

**VI.**

**IT IS FURTHER ORDERED** that Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Alison Wilson, Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581.

***Force and Effect***

**VII.**

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

**IT IS FURTHER ORDERED** that the Order to Show Cause hearing set on June 1, 2009, shall be VACATED.

DATED: May 28, 2009

Honorable Edward J. Lodge

U. S. District Judge