John F. Kurtz, Jr., ISB No. 2396
Hawley Troxell Ennis & Hawley LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5232
Email: jkurtz@hawleytroxell.com

Attorneys for Receiver, R. Wayne Klein

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> and <br><br> COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> DAREN L. PALMER and TRIGON GROUP, INC., a Nevada Corporation, <br><br> Defendants. | Case No.: CV 09-075-E-EJL <br><br><br><br><br> Case No.: CV 09-076-E-EJL <br><br> The Honorable Edward J. Lodge <br><br> SEVENTH REPORT OF R. WAYNE KLEIN, RECEIVER (FOR PERIOD ENDING SEPTEMBER 30, 2010) |

R. Wayne Klein, the Court-Appointed Receiver (the "Receiver") of Trigon Group, Inc. ("Trigon") and the assets of Daren L. Palmer (the "Receivership Entities" and/or "Palmer"),

SEVENTH REPORT OF R. WAYNE KLEIN, RECEIVER (FOR PERIOD
ENDING SEPTEMBER 30, 2010) - 1

44549.0001.2084088.1

hereby submits this Seventh Report for the period of July 1, 2010 through September 30, 2010 (the "Reporting Period").

## I.
## PROCEDURAL HISTORY

The regulatory enforcement actions by the Securities and Exchange Commission (SEC) and Commodity Futures Trading Commission (CFTC) were commenced on February 26, 2009. That same day, the Court entered orders imposing an asset freeze and appointing Wayne Klein as Receiver. On October 23, 2009, the Court entered an order finding Mr. Palmer in contempt of previous orders of the Court. On July 19, 2010, the Court entered final judgment against Mr. Palmer and Trigon in the SEC matter, based on the consent of the parties. Copies of these judgments are posted on the Receiver's website.

The CFTC's case against Palmer and Trigon is still ongoing. On June 17, 2010, the CFTC filed a Motion for Summary Judgment against Palmer. That motion is pending before the Court. A copy of this motion is posted on the Receiver's website.

## II.
## DEVELOPMENTS REGARDING PROPERTY OF THE RECEIVERSHIP

Since the date of the Sixth Report of the Receiver, the following developments have occurred relating to properties under the control of the Receiver, or which the Receiver asserts should be in the Receivership:

1. <u>Yost Timeshare (Waiohai Resort)</u>. On July 22, 2010, the Receiver was paid $15,192.22 in net proceeds from the sale of this timeshare interest that had been owned by Duane Yost. The property is no longer an asset of the estate.

2. <u>Rigby Apartments</u>. The Receiver controls two four-plex apartment buildings in Rigby, Idaho. An offer had been accepted on one of these properties in April, but the buyer failed to complete the sale. Both buildings remain for sale.

One of these properties has a lien of $169,000.00 that was filed against it. This lien relates to work performed by a construction company in Montana for the original builder of the four-plex. The construction company asserts that a defect in the title transfer documents at the time of the purchase by Daren Palmer allows the construction company to claim this lien.[1] Attorneys for the Receiver have researched this matter and believe the original defect can be cured, invalidating the lien. Demand has been made on the lienholder to release the lien. If the lien is not released, the Receiver intends to file litigation to clear title to the property.

These eight apartments require oversight that would be expected of rental units. A property management company is actively managing these properties. As tenants leave, new tenants are found. Problems with the sprinklers and an outside water pipe have been repaired. Both properties are earning positive cash flow for the Receivership while they remain for sale.

3. <u>Idaho Falls Mansion</u>. The partially completed mansion in Idaho Falls is being actively marketed by a real estate agent. Several serious inquiries about the mansion are being pursued, but no offers have been received as of September 30. The real estate agent believes that the home can be sold for a price substantially more than the price that could be obtained in a liquidation sale. Accordingly, the Receiver has decided the best way to maximize the value of the property is to continue searching for a buyer wanting to occupy the home, rather than selling

---

[1] This lien arose from a separate business dispute; it has no connection to Trigon or the construction of these apartment buildings.

SEVENTH REPORT OF R. WAYNE KLEIN, RECEIVER (FOR PERIOD ENDING SEPTEMBER 30, 2010) - 3

the home at a liquidation sale. This may take until the summer of 2011. At that time, the Receiver may decide to take an alternative approach. The Receiver continues to pay expenses associated with the protection and maintenance of the mansion including utility expenses, weed removal, insurance costs, and security measures.

4.   <u>Commercial Building Lot in Meridian, Idaho</u>. The undeveloped commercial building lot in Meridian, Idaho is the subject of ongoing litigation with Sight & Sound Design and other parties. The Receiver is seeking a release of liens on this property and recovery of payments he believes are owed to Trigon.

5.   <u>Palmer Hawaii Timeshare Interest</u>. This property continues to be listed for sale. There have been no offers on this property since the April 2010 sale fell through.

6.   <u>Building Lot in St. George, Utah</u>. Pursuant to the settlement with an overpaid investor, title to a building lot in the Sand Hollow Resort Subdivision, near St. George, Utah, was transferred to the Receiver. The Receiver plans to market this lot for sale, although the surfeit of lots for sale in the subdivision (and the entire county) likely means a higher price will be obtained for the property by waiting for economic conditions to improve. The Receiver pays monthly homeowner dues on this property and has posted a notice on the property of the Receiver's ownership of the lot.

7.   <u>Unimproved Property in Ammon, Idaho</u>. Pursuant to the settlement with an overpaid investor, the Receiver now has title to a 2.13-acre lot on Ammon Road in Idaho Falls. The Receiver negotiated a $21,600.00 reduction in the lien held by a bank and has paid off the mortgage for $170,000.00. The property has been listed for sale at a price of $399,900.00.

8.   <u>Timberline Real Estate Subdivision</u>. Pursuant to a settlement with an overpaid investor, title to 20 building lots in the Timberline Estates subdivision in Idaho Falls have been

transferred to the Receiver. Deeds have been recorded showing the Receiver as the owner. The Receiver has listed these building lots for sale.

Nineteen of these lots are subject to a bank loan and two construction liens. The Receiver believes that he has grounds to challenge the validity and amount of the bank liens. Notice of foreclosure was filed by a title company on behalf of an entity that purchased the bank loan. The Receiver has given notice to the title company of his claim to the properties. The Receiver expects litigation will be necessary to determine the validity of the lender's claims, but is hopeful a negotiated agreement can be found.

9. <u>Pheasant Grove Building Lot</u>. As part of a settlement with an overpaid investor, the Receiver has been given title to a building lot in the Pheasant Grove subdivision in Idaho Falls. Title has now been recorded in the name of the Receiver. The Receiver expects to market this property for sale.

### III.
### OTHER ASSETS OF THE RECEIVERSHIP

1. <u>Horse</u>. The Receiver still has one performance horse that was owned by the Palmers. The horse was sent to Oregon for evaluation by a prospective buyer, but concerns about the horse's medical condition dissuaded the buyer from making an offer. The Receiver paid for medical treatments by a veterinarian. Two outside groups have asserted that the horse has no commercial value and have requested that the Receiver donate the horse to them. The Receiver believes the horse has recoverable value. The horse has been returned to Idaho where it is being cared for and offered for sale.

2. <u>Jewelry</u>. The jeweler who is marketing high-end jewelry that was recovered from the Palmers has reported to the Receiver that some of the items have been sold. These items were sold for $11,863.00. Other items, including watches, jewelry, and a Faberge egg are still

SEVENTH REPORT OF R. WAYNE KLEIN, RECEIVER (FOR PERIOD
ENDING SEPTEMBER 30, 2010) - 5

being marketed. Due to the economic conditions, the Receiver believes it may take six months or longer to obtain acceptable prices for these pieces.

3.  Real Estate Investment Trust. Daren Palmer owned a $5,000.00 interest in a real estate investment trust. The Receiver was able to secure a partial redemption of this investment in 2009, but redemptions are limited and the trust is unable to give the Receiver priority in redemptions. During the reporting period, the Receiver did receive a tender offer for his interest in the trust, but at 30% of its target value. The Receiver decided not to sell these interests to the buyer, believing the value of this investment interest will be maximized by waiting.

## IV.
## SETTLEMENT AGREEMENTS

During the past three months, the Receiver entered into four settlement agreements relating to assets of the Receivership. Three of these were described in Notices of Settlements filed with the Court on August 4, 2010.

1.  American Finance. On July 1, American Finance paid the Receiver $15,000.00 in settlement of the Receiver's claims that American Finance had been overpaid by $12,500.00. The settlement followed a court ruling that denied a motion by American Finance to dismiss the Receiver's lawsuit.

2.  H.K. Holdings. The settlement previously agreed to with H.K. Holdings was amended when H.K. Holdings was unable to pay the second installment of the settlement payment due to the Receiver. Under the amended agreement, H.K. Holdings transferred to the Receiver the Pheasant Grove building lot described above.

3.  Revolution Mechanical. The Receiver filed a lawsuit in February 2010 against Revolution Mechanical, alleging that it received a $100,000.00 investment from Trigon. Revolution Mechanical provided financial information to the Receiver demonstrating that the

SEVENTH REPORT OF R. WAYNE KLEIN, RECEIVER (FOR PERIOD
ENDING SEPTEMBER 30, 2010) - 6

investment funds had been used in business operations and that the business had few assets. Revolution Mechanical has agreed to a settlement in which it will sell its assets and equipment and gives the proceeds to the Receiver. In addition, Revolution Mechanical will give to the Receiver the bulk of any proceeds it recovers from litigation it may file seeking damages for misuse of its patents and other intellectual property. The Receiver has dismissed the lawsuit against Revolution Mechanical.

4.  <u>The Church of Jesus Christ of Latter-day Saints</u>. On September 30, 2010, The Church of Jesus Christ of Latter-day Saints ("LDS Church") returned to the Receiver $477,910.00, representing all amounts contributed to the LDS Church by Daren and Michelle Palmer between January 2000 and February 2009. The Receiver is not filing a separate notice of settlements relating to this payment because the agreement with the LDS Church resulted in the recovery of all funds sought by the Receiver.

5.  <u>Gables of Pocatello/Keith Rasmussen</u>. After the lawsuit was filed against Rasmussen by the Receiver, Rasmussen was able to provide documentation showing that he and Gables had repaid the loan given them by Trigon. The loan was repaid in the name of a different company. The Receiver expects to dismiss the lawsuit against Rasmussen.

## V.
## DEVELOPMENTS IN EXISTING LITIGATION

Of the 21 lawsuits filed by the Receiver, two are subject to stays imposed by the bankruptcy laws and five have been dismissed in connection with settlements. Attorneys for the Receiver have been proceeding with the 16 lawsuits still ongoing. Litigation efforts during the Reporting Period have included:

- Analyzing the answers to the complaints filed by defendants, identifying which issues are disputed, and gathering evidence in support of our positions on the disputed issues.

- Providing initial disclosures to the opposing parties and responding to discovery requests. These documents lay out the evidence supporting our case. In addition, we have reviewed the initial disclosures and discovery responses provided by defendants.

- Agreeing with defendants on deadlines for various stages of litigation and filing litigation plans with the Court.

- Dismissal of lawsuits against R. Jay Taylor, Kevin Taggart, American Finance, and Revolution Mechanical, based on settlements reached with them.

- Putting litigation on hold against Karen Stoddard based on her bankruptcy filing.

- Participating in the bankruptcy proceedings initiated by Dean Palmer. The Receiver has reviewed the bankruptcy petition, examined claims filed by others against Dean Palmer, and evaluated the estimated value of the asset disclosed in the bankruptcy petition. The Receiver filed a complaint in the bankruptcy court, opposing any discharge of the Receiver's claims in bankruptcy – based on Dean Palmer's role as an officer and director of Trigon. The Receiver intends to respond to Dean Palmer's motion to dismiss our complaint.

- Responding to a motion to dismiss filed by George Heffernan. The Court supported the position taken by the Receiver and denied the motion to dismiss.

## VI.
## THE CLAIMS PROCESS, PROPOSED DISTRIBUTION PLAN

The Claims process was begun on January 21, 2010. There are two principal components of the Claims process: 1) identifying the persons eligible to participate in the Claims process and the Allowable Claim Amount for each, and 2) determining what methodology will be used by the Receiver in paying out the initial $2 million distribution ("Distribution Plan"). The first component is being handled by the Receiver and the second by the SEC.

<u>Allowable Claims</u>. The Receiver processed and evaluated the Claim forms submitted to him. Based on this evaluation, the Receiver made recommendations to the Court on May 13, 2010 regarding the qualifying claims. (Doc. #70). No objections were filed to the Receiver's recommendation.

On July 12, 2010, the Receiver filed with the Court his Notice of Final List of Allowed Claims. The Receiver is asking the Court to enter an order identifying 32 valid claims, having a total allowed claim amount of $21,366,009.69. If the Court signs the proposed order, this will constitute a final determination of eligible recipients to be paid funds recovered by the Receiver. This request is pending before the Court.

<u>Distribution Plan</u>. The SEC filed its motion for approval of a distribution plan on June 9, 2010. Seven persons filed objections with the Court. On August 23, 2010, the SEC filed its response, asking the Court to approve the distribution plan originally proposed by the SEC. This request is pending before the Court.

## VII.
## ONGOING ANALYSIS

The Receiver has performed significant additional analysis during the Reporting Period. Some of this analysis was required to respond to discovery requests in litigation, some was

performed at the request of government agencies, and some was performed in preparation for motions the Receiver expects to file in ongoing litigation. This analysis includes:

- Preparation of a draft report showing the extent to which Trigon operated as a Ponzi scheme, was insolvent, and actually traded securities and commodities. This includes a year-by-year analysis of: 1) the company's solvency, 2) assets and liabilities, 3) amounts received from investors, 4) brokerage trading and account balances, and 5) correlations between net worth statements prepared by Trigon and actual brokerage balances.
- Preparation of a draft report showing the extent to which persons affiliated with Trigon and Palmer lacked "good faith." This includes an analysis of sources and uses of funds given to persons and entities other than Trigon.
- Scrutiny of receipts relating to construction of the home in Coeur d'Alene, to determine whether the amounts paid by Trigon were actually used in construction of the home.
- Examination of the data in a chart created by trading advisor Heffernan, to determine the extent to which his claimed results matched actual trading and to identify patterns of profits and losses in those accounts managed by Heffernan.
- Reconstruction of trading records in a securities brokerage account to calculate the profits and losses from securities trading and the profits and losses from commodities trading.

## VIII.
## OTHER ACTIVITIES

Other activities of the Receiver have included assistance in litigation; calls, correspondence, and interviews with investors; and assisting multiple government agencies with

SEVENTH REPORT OF R. WAYNE KLEIN, RECEIVER (FOR PERIOD
ENDING SEPTEMBER 30, 2010) - 10

44549.0001.2084088.1

their investigations. Copies of significant court filings and information regarding the claims process continue to be posted on the Receiver's website.

## IX.
## FINANCIAL ACTIVITIES OF THE RECEIVER

<u>Funds Recovered and Paid Out</u>. During this Reporting Period, the Receiver received $1,032,572.77, which has been deposited into bank accounts controlled by the Receiver. These receipts are:

| FUNDS PAID TO THE RECEIVER | | | |
|---|---|---|---|
| **Date** | **Amount** | **Source** | **Purpose** |
| 7/1/10 | $15,000.00 | American Finance | Settlement payment |
| 7/1/10 | $518,020.55 | Bank of Commerce | Payment on settlement agreement |
| 7/2/10 | $2,150.00 | Borrower | Payment on promissory note owed to D. Yost |
| 7/22/10 | $15,192.22 | Duane Yost | Net proceeds from sale of Hawaii timeshare |
| 8/3/10 | $2,150.00 | Borrower | Payment on promissory note owed to D. Yost |
| 9/2/10 | $2,150.00 | Borrower | Payment on promissory note owed to D. Yost |
| 9/30/10 | $477,910.00 | LDS Church | Return of contributions by Daren Palmer |
| ***Total*** | ***$1,032,572.77*** | | |

The Receiver has paid out $298,289.92 from these accounts for expenses of the Receivership. These expenditures are listed in the chart below.

| FUNDS PAID OUT BY THE RECEIVER | | | |
|---|---|---|---|
| **Date** | **Amount** | **Recipient** | **Purpose** |
| 7/1/10 | $10.00 | Zions Bank | Wire transfer fee (deposit: Bank of Commerce) |
| 7/6/10 | $170,000.00 | Citizens Nat'l Bank | Pay off loan on Ammon Road property |
| 7/6/10 | $15.00 | Zions Bank | Wire transfer free |
| 7/20/10 | $5.08 | Intermountain Gas | Natural gas for mansion |
| 7/21/10 | $16.00 | Bonneville County | Filing fees for Timberline deeds |
| 7/21/10 | $22.93 | City of Idaho Falls | Electricity for mansion |
| 7/22/10 | $42.00 | Sand Hollow HOA | Homeowners Dues for St. George property |
| 8/16/10 | $2.58 | Intermountain Gas | Natural gas for mansion |
| 8/19/10 | $22.93 | City of Idaho Falls | Electricity for mansion |
| 8/19/10 | $824.00 | Western Comm. Ins. | Annual insurance premium for rental units |
| 8/23/10 | $10.00 | Bonneville County | Filing fees for Pheasant Grove deed |
| 8/25/10 | $42.00 | Sand Hollow HOA | Homeowners Dues for St. George property |
| 8/30/10 | $13.00 | Bonneville County | Filing fees for corrected Timberline deed |
| 9/8/10 | $126,257.64 | Klein & Associates | Receiver fees from 10/1/09 to 3/31/10 |
| 9/15/10 | $764.08 | Bonneville County | Property tax for mansion (half year) |

SEVENTH REPORT OF R. WAYNE KLEIN, RECEIVER (FOR PERIOD
ENDING SEPTEMBER 30, 2010) - 11

| FUNDS PAID OUT BY THE RECEIVER | | | |
|---|---|---|---|
| Date | Amount | Recipient | Purpose |
| 9/17/10 | $2.58 | Intermountain Gas | Natural gas for mansion. |
| 9/21/10 | $23.10 | City of Idaho Falls | Electricity for mansion |
| 9/25/10 | $42.00 | Sand Hollow HOA | Homeowners Dues for St. George property |
| 9/29/10 | $175.00 | Alan Meyer | Weed removal at mansion |
| *Total* | *$298,289.92* | | |

Payments for Receiver Fees and Legal Fees. On September 8, 2010, the Receiver paid himself $126,257.64 for the fees and expenses which were approved by the Court on May 5, 2010. These fees and reimbursement of expenses reflect work performed between October 1, 2009 and March 31, 2010.

Bank Account Balances. Bank accounts maintained by the Receiver had the following balances as of September 30, 2010:

| Bank | Type | Balance |
|---|---|---|
| Wells Fargo | Checking | $62,411.97 |
| Zions Bank | Checking | $1,524.09 |
| Zions Bank | Savings | $2,332,027.48 |
| *Total* | | *$2,395,963.54* |

## X.
## CONCLUSION

The Receiver respectfully submits this Seventh Report for the period from June 1, 2010 through September 30, 2010.

The Receiver verifies under penalty of perjury that the foregoing is true and correct.

DATED THIS **1st** day of October, 2010.

By /s/ Wayne Klein
R. Wayne Klein, Receiver

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 1st day of October, 2010, I electronically filed the foregoing SEVENTH REPORT OF R. WAYNE KLEIN, RECEIVER (FOR PERIOD ENDING SEPTEMBER 30, 2010) with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Karen L. Martinez
Thomas M. Melton
Tanya Beard
Securities and Exchange Commission
15 West South Temple, Suite 1800
Salt Lake City, UT 84101
martinezk@sec.gov / himesm@sec.gov
*Counsel for Plaintiff Securities and Exchange Commission*

Alison B. Wilson
John W. Dunfee
Division of Enforcement
Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581
jdunfee@cftc.gov / awilson@cftc.gov
*Counsel for Plaintiff Commodity Futures Trading Commission*

Lee Radford
Julian E. Gabiola
Moffatt Thomas Barrett Rock & Fields, Chtd
420 Memorial Drive
P.O. Box 51505
Idaho Falls, ID 83405
klr@moffatt.com / jeg@moffatt.com
*Counsel for Claimant Elaine Talbot*

Breck Barton
Marcia Murdoch
Breck Barton & Associates, P.A.
70 N. Center, Suite 2
P.O. Box 100
Rexburg, ID 83440
*Counsel for D. Taylor, J. Cameron, M. Rudd, B. Barton, G. Taylor, D. Sitzek, D. Harris*

    AND, I HEREBY CERTIFY that I have served the foregoing document to the following non-CM/ECF Registered Participants (list names and addresses):

Alan Conilogue
Deputy Attorney General
State of Idaho
PO Box 83720
Boise, ID 83720-0031
*Local Counsel for Plaintiffs*

_____ U.S. Mail, Postage Prepaid
_____ Hand Delivered
_____ Overnight Mail
_____ E-mail
_____ Telecopy

Daren L. Palmer
949 N. 12th W.
Rexburg, ID 83440

208-716-3737

_____ U.S. Mail, Postage Prepaid
_____ Hand Delivered
_____ Overnight Mail
_____ E-mail
_____ Telecopy

                                         /s/_____
                                       John F. Kurtz, Jr.