John F. Kurtz, Jr., ISB No. 2396
Hawley Troxell Ennis & Hawley LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5232
Email: jkurtz@hawleytroxell.com

Attorneys for Receiver, R. Wayne Klein

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | Case No.: CV 09-075-E-EJL |
| Plaintiff, | ) ) | |
| and | ) ) | |
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | Case No.: CV 09-076-E-EJL |
| Plaintiff, | ) ) ) | The Honorable Edward J. Lodge |
| vs. | ) ) | EIGHTH REPORT OF R. WAYNE KLEIN, RECEIVER (FOR PERIOD ENDING DECEMBER 31, 2010) |
| DAREN L. PALMER and TRIGON GROUP, INC., a Nevada Corporation, | ) ) ) | |
| Defendants. | ) ) ) | |

R. Wayne Klein, the Court-Appointed Receiver (the "Receiver") of Trigon Group, Inc.

("Trigon") and the assets of Daren L. Palmer (the "Receivership Entities" and/or "Palmer"),

EIGHTH REPORT OF R. WAYNE KLEIN, RECEIVER (FOR PERIOD
ENDING DECEMBER 31, 2010) - 1

hereby submits this Eighth Report for the period of October 1, 2010 through December 31, 2010 (the "Reporting Period").

## I.
## PROCEDURAL HISTORY

The regulatory enforcement actions by the Securities and Exchange Commission (SEC) and Commodity Futures Trading Commission (CFTC) were commenced on February 26, 2009. That same day, the Court entered orders imposing an asset freeze and appointing Wayne Klein as Receiver. On October 23, 2009, the Court entered an order finding Mr. Palmer in contempt of previous orders of the Court. On July 19, 2010, the Court entered final judgment against Mr. Palmer and Trigon in the SEC matter, based on the consent of the defendants. On October 4, 2010, the Court granted summary judgment against Palmer in the CFTC action. Copies of these judgments are posted on the Receiver's website.

## II.
## CLAIMS PROCESS AND DISTRIBUTION PLAN

In June, the SEC submitted its proposed distribution plan to the Court. Objections were filed on behalf of seven investors. On August 23, 2010, the SEC responded to the objections, asking the Court to approve the distribution as originally proposed by the SEC. On November 3, 2010, the Court held a hearing in Pocatello to consider the objections.

In advance of the hearing, the Receiver spent substantial time and effort providing information to the objectors and to the SEC. In response to a subpoena issued to the Receiver by some of the objectors, the Receiver identified categories of documents he was willing to make available and provided copies of those documents to the objectors, including detailed information about investment and distribution payments to all investors. The Receiver responded to numerous requests for information from the attorney for the objectors. Detailed

EIGHTH REPORT OF R. WAYNE KLEIN, RECEIVER (FOR PERIOD
ENDING DECEMBER 31, 2010) - 2

information about the investment histories and claim forms of the objectors was provided to the SEC.  The Receiver spoke with a number of investors, responding to questions about the hearing.  There were several attempts by the objectors to postpone the hearing, but those requests were denied.

At the hearing, the Court heard arguments from the SEC and the objectors and posed questions to the Receiver.  Elaine Talbot withdrew her objection at the hearing.  At the conclusion of the hearing, the Court indicated it would give the objectors and the SEC an opportunity to try to resolve their differences by negotiation or through mediation.  While in Pocatello, the Receiver met with a number of the investors, explaining the process and answering questions.

Since the date of the hearing, the Receiver has provided information to the objectors and the SEC on numerous occasions regarding properties and other assets of the Receivership, for evaluation as part of a possible compromise.  The Receiver provided further information to the SEC about how the claims of the objectors might be evaluated if disaggregated from the claims of related parties and provided information on the effects of alternative distribution plans.  On November 23, 2010, the Receiver signed a declaration that accompanied a supplemental brief filed by the SEC in support of the distribution plan it recommends.

The Court has indicated it is waiting to see whether the SEC and objectors can reach an agreement on an alternative distribution plan before issuing its final ruling.

## III.
## DEVELOPMENTS REGARDING PROPERTY OF THE RECEIVERSHIP

Since the date of the Seventh Report of the Receiver, the following developments have occurred relating to properties under the control of the Receiver, or which the Receiver asserts should be in the Receivership:

EIGHTH REPORT OF R. WAYNE KLEIN, RECEIVER (FOR PERIOD ENDING DECEMBER 31, 2010) - 3

1.      Rigby Apartments.  On December 17, 2010, the Receiver sold the two four-plex apartment buildings in Rigby, Idaho that had been recovered from Palmer.  The properties were sold for $222,500.00 each, less commissions and closing costs.  The closing followed significant efforts to sell the properties, including responding to inquiries from multiple buyers, analysis of comparable properties, and negotiations with the prospective buyers on the price.

Through the efforts of counsel for the Receiver, the $169,000.00 lien on one of the four-plex apartments was released without the necessity of any payment by the Receiver.  Several hurdles had to be overcome before closing, including locating original notes by prior lienholders. The Receiver expects to recover additional funds from the cancelation of liability insurance on the properties and the balance of net income from the rentals of the units.

2.      Idaho Falls Mansion.  The partially completed mansion in Idaho Falls is still being marketed by a real estate agent.  Some serious inquiries about the mansion were received during the prior quarter, but no offers have been received as of December 31.  The Receiver has reduced the offering price from $4.0 million to $3.5 million.  The real estate agent believes that the home can be sold for a price substantially more than the price that could be obtained in a liquidation sale.  Accordingly, the Receiver has decided the best way to maximize the value of the property is to continue searching for a buyer wanting to occupy the home, rather than selling the home at a liquidation sale.  This may take until the summer of 2011.  At that time, the Receiver may decide to take an alternative approach.  The Receiver continues to pay expenses associated with the protection and maintenance of the mansion including utility expenses, insurance costs, and security measures.

3.      Building Lot in St. George, Utah.  The Receiver holds title to a building lot in the Sand Hollow Resort Subdivision, near St. George, Utah.  The Receiver plans to market this lot

for sale, although the surfeit of lots for sale in the subdivision (and the entire county) likely means a higher price will be obtained for the property by waiting for economic conditions to improve.  The Receiver pays monthly homeowner dues on this property.

4.       Unimproved Property in Ammon, Idaho.  The Receiver also holds title to a 2.13-acre lot on Ammon Road in Idaho Falls.  The Receiver negotiated a $21,600 reduction in the lien held by a bank and has paid off the mortgage for $170,000.  The property has been listed for sale at a price of $399,900.00.

5.       Palmer Hawaii Timeshare Interest.  This property continues to be listed for sale.  There have been no offers on this property since an April 2010 sale fell through.

6.       Timberline Real Estate Subdivision.  The Receiver was granted title to 20 building lots in the Timberline Estates subdivision in Idaho Falls.  While deeds were recorded showing the Receiver as the owner, 19 of these lots are the subject of a bank lien.  In consultation with the SEC and the CFTC, the Receiver decided not to spend receivership monies to pay off the lien.  The Receiver is negotiating with the bank, hoping to cooperate with the bank in the sale of these lots and have some of the proceeds paid to the Receiver.

7.       Pheasant Grove Building Lot.   The Receiver holds title to a residential building lot in the Pheasant Grove subdivision in Idaho Falls.  There have been no offers on this property during the past quarter.

8.       Commercial Building Lot in Meridian, Idaho.  The undeveloped commercial building lot in Meridian, Idaho is the subject of ongoing litigation with Sight & Sound Design and other parties.  The Receiver is seeking a release of liens on this property and recovery of payments he believes are owed to Trigon.

EIGHTH REPORT OF R. WAYNE KLEIN, RECEIVER (FOR PERIOD ENDING DECEMBER 31, 2010) - 5

## IV.
## OTHER ASSETS OF THE RECEIVERSHIP

1.      Horse.  The Receiver still has one performance horse that was owned by the Palmers.  The horse is at a training facility in Idaho Falls, where it is being cared for and offered for sale.

2.      Jewelry.  Some of the high-end jewelry that was recovered from the Palmers has been sold.  Other items are still being marketed by O.C. Tanner.  Due to national and local economic conditions, the Receiver has determined that additional time is likely to yield higher prices for these items, so they are being left on consignment with the jeweler rather than selling them at wholesale liquidation prices.

3.      Real Estate Investment Trust.  The Receiver continues to receive dividends on a $5,000 interest in a real estate investment trust.  The Receiver is hoping that these interests can be redeemed or sold in a secondary market transaction when the economy improves.

## V.
## SETTLEMENT AGREEMENTS

There were no new settlement agreements reached during the past three months. Nevertheless, the Receiver has had substantive settlement discussions with a handful of defendants that have been sued by the Receiver.  It is hoped that some of these discussions will yield settlement agreements in the near future.

## VI.
## NEW LAWSUITS FILED BY THE RECEIVER

The Receiver filed three new lawsuits during the quarter, all seeking recovery of payments made to credit card companies for credit cards held by Daren Palmer:

•       On December 14, 2010, suit was filed against American Express, seeking the return of $1,189,029 paid to it by Trigon.

EIGHTH REPORT OF R. WAYNE KLEIN, RECEIVER (FOR PERIOD
ENDING DECEMBER 31, 2010) - 6

•       Suit was filed on December 14, 2010 against Diners Club, seeking the return of $275,922.78 paid to it by Trigon.

•       Suit was filed against Capital One on December 17, 2010.  This suit seeks the return of $44,259.75 in payments by Trigon.

Copies of these lawsuits are posted on the Receiver's website.

## VII.
## DEVELOPMENTS IN EXISTING LITIGATION

Litigation efforts continue in the lawsuits filed by the Receiver.  Developments include:

•       Tracking the developments of two cases that are in bankruptcy, including efforts to obtain a ruling that Receivership claims against Dean Palmer will not be discharged in bankruptcy.

•       Settlement discussions with the defendants in several of the lawsuits.  In some instances, the Receiver analyzed the financial condition of defendants to evaluate claims of an inability to pay the amount being sought by the Receiver.

•       Multiple defendants stipulating that they will not contest the Receiver's claim that Trigon was operated as a Ponzi scheme.  The Receiver plans to ask the court to consolidate all the remaining cases for purposes of determining whether a Ponzi scheme existed.

•       Significant efforts were expended in responding to discovery requests in several of the cases.  This included having copies of all bank documents scanned, along with some other records gathered by the Receiver, and identifying records that should be withheld due to privilege.

## VIII.
## ONGOING ANALYSIS

Analysis projects undertaken by the Receiver during the quarter include:

•        Analyzing payments made to credit card companies by Trigon, determining which payments might be recovered, and gathering information to support the planned lawsuits.

•        Evaluating the construction costs expended for the Coeur d'Alene home, resulting in a determination that the construction expenses identified by the builder were justified.

•        Evaluating payments made to entities with connection to payments sent overseas. During the quarter, the Receiver sent subpoenas to banks in New York and Georgia, seeking information about their role in payments sent offshore.

•        Gathering backup data and documents to support the Receiver's efforts to prove the existence of a Ponzi scheme and demonstrating the insolvency of Trigon.

•        Extensive analysis of investor payments made through entities controlled by Duane Yost, including determining the extent to which those funds were paid to Trigon, used to make distributions to other investors, or retained by one of Yost's companies.

## IX.
## ASSISTING GOVERNMENT AGENCIES

The Receiver provided assistance to various government agencies as part of their regulatory and enforcement efforts.  This assistance included:

•        Providing assistance to the CFTC with the summary judgment motion it filed on October 4, 2010.

•        Information provided to the SEC in connection with its proposed distribution plan (described above).

44549.0001.2198555.1

• Providing information to the Idaho Department of Finance regarding enforcement actions being contemplated.

• Meeting with and providing detailed information to the federal prosecutor and Palmer's defense attorney.

## X.
## OTHER ACTIVITIES

Other activities of the Receiver have included responding to inquiries from investors and posting information on the Receiver's website about the current status of recovery efforts.

## XI.
## FINANCIAL ACTIVITIES OF THE RECEIVER

<u>Funds Recovered and Paid Out</u>.  During this Reporting Period, the Receiver received $974,859.51, which has been deposited into bank accounts controlled by the Receiver.   These receipts are:

| FUNDS PAID TO THE RECEIVER | | | |
|---|---|---|---|
| **Date** | **Amount** | **Source** | **Purpose** |
| 10/1/10 | $518,020.55 | Bank of Commerce | Payment on settlement agreement |
| 10/6/10 | $2,150.00 | Borrower | Payment on promissory note owed to D. Yost |
| 10/28/10 | $2,150.00 | Borrower | Payment on promissory note owed to D. Yost |
| 11/29/10 | $2,150.00 | Borrower | Payment on promissory note owed to D. Yost |
| 11/30/10 | $5,000.00 | R. Jay Taylor | Final settlement payment |
| 12/17/10 | $445,388.96 | First American Title | Net proceeds from sale of Rigby apartments |
| *Total* | *$974,859.51* | | |

The Receiver paid out $60,474.83 from these accounts for expenses of the Receivership.

These expenditures are listed in the chart below.

| FUNDS PAID OUT BY THE RECEIVER | | | |
|---|---|---|---|
| **Date** | **Amount** | **Recipient** | **Purpose** |
| 10/1/10 | $10.00 | Zions Bank | Wire transfer fee (deposit: Bank of Commerce) |
| 10/20/10 | $2.58 | Intermountain Gas | Natural gas for mansion |
| 10/20/10 | $21.69 | City of Idaho Falls | Electricity for mansion |
| 10/21/10 | $75.00 | Community First Bk | Copies of bank documents |
| 10/26/10 | $42.00 | Sand Hollow HOA | Homeowners Dues for St. George property |

44549.0001.2198555.1

| FUNDS PAID OUT BY THE RECEIVER | | | |
|---|---|---|---|
| **Date** | **Amount** | **Recipient** | **Purpose** |
| 11/12/10 | $7,943.28 | Jefferson County | Property taxes for 196 Stockham, Rigby |
| 11/12/10 | $7,943.08 | Jefferson County | Property taxes for 198 Stockham, Rigby |
| 11/15/10 | $1,357.08 | Washington County | Property taxes for Sand Hollow lot (St. George) |
| 11/17/10 | $116.51 | Intermountain Gas | Natural gas for mansion |
| 11/17/10 | $30.96 | City of Idaho Falls | Electricity for mansion |
| 11/24/10 | $42.00 | Sand Hollow HOA | Homeowners Dues for St. George property |
| 11/29/10 | $1,361.04 | Bonneville County | Property taxes for mansion |
| 11/29/10 | $42.88 | Bonneville County | Property taxes for Pheasant Grove lot |
| 12/27/10 | $536.62 | Intermountain Gas | Natural gas for mansion. |
| 12/27/10 | $63.10 | City of Idaho Falls | Electricity for mansion |
| 12/27/10 | $42.00 | Sand Hollow HOA | Homeowners Dues for St. George property |
| 12/28/10 | $40,844.81 | Hawley Troxell | Legal fees and expenses (April – September) |
| *Total* | *$60,474.83* | | |

Payments for Receiver Fees and Legal Fees.   The Receiver submitted his Fourth Application for Approval of Fees and Expenses on December 1, 2010.  Responding to an inquiry from the Court, the Receiver filed a supplemental memorandum on December 16, 2010 providing detail for all expenses included in the application.  Payment of these fees and expenses were approved by the Court on December 28, 2010.  On December 28, 2010, the Receiver paid Hawley Troxell Ennis & Hawley LLP $35,063.00 in legal fees and $5,781.81 as reimbursement of expenses.  The $125,494.50 in fees for the Receiver, which was approved by the Court, has not yet been paid.  These fees and reimbursement of expenses reflect work performed between April 1, 2010 and September 30, 2010.

Bank Account Balances.  Bank accounts maintained by the Receiver had the following balances as of December 31, 2010:

| **Bank** | **Type** | **Balance** |
|---|---|---|
| Wells Fargo | Checking | $13,397.14 |
| Zions Bank | Checking | $1,534.64 |
| Zions Bank | Savings | $3,298,813.76 |
| *Total* | | *$3,313,745.54* |

44549.0001.2198555.1

## XII.
## CONCLUSION

The Receiver respectfully submits this Eighth Report for the period from October 1, 2010

through December 31, 2010.

The Receiver verifies under penalty of perjury that the foregoing is true and correct.

DATED THIS __6th__ day of January, 2011.


By _____

R. Wayne Klein, Receiver

44549.0001.2198555.1

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of January, 2011, I electronically filed the foregoing EIGHTH REPORT OF R. WAYNE KLEIN, RECEIVER (FOR PERIOD ENDING DECEMBER 31, 2010) with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Karen L. Martinez | Alison B. Wilson |
| Thomas M. Melton | John W. Dunfee |
| Tanya Beard | Division of Enforcement |
| Securities and Exchange Commission | Commodity Futures Trading Commission |
| 15 West South Temple, Suite 1800 | 1155 21st Street, N.W. |
| Salt Lake City, UT 84101 | Washington, D.C. 20581 |
| martinezk@sec.gov | jdunfee@cftc.gov |
| himesm@sec.gov | awilson@cftc.gov |
| *Counsel for Plaintiff Securities and Exchange* | *Counsel for Plaintiff Commodity Futures* |
| *Commission* | *Trading Commission* |
| | |
| Lee Radford | Breck Barton |
| Julian E. Gabiola | Marcia Murdoch |
| Moffatt Thomas Barrett Rock & Fields, Chtd | Breck Barton & Associates, P.A. |
| 420 Memorial Drive | 70 N. Center, Suite 2 |
| P.O. Box 51505 | P.O. Box 100 |
| Idaho Falls, ID  83405 | Rexburg, ID 83440 |
| klr@moffatt.com / jeg@moffatt.com | *Counsel for D. Taylor, J. Cameron, M. Rudd,* |
| *Counsel for Claimant Elaine Talbot* | *B. Barton, G. Taylor, D. Fitzek, D. Harris* |

AND, I HEREBY CERTIFY that I have served the foregoing document to the following non-CM/ECF Registered Participants (list names and addresses):

| | |
|---|---|
| Alan Conilogue |   X   U.S. Mail, Postage Prepaid |
| Deputy Attorney General | _____ Hand Delivered |
| State of Idaho | _____ Overnight Mail |
| PO Box 83720 | _____ E-mail |
| Boise, ID 83720-0031 | _____ Telecopy |
| *Local Counsel for Plaintiffs* | |
| | |
| Daren L. Palmer |   X   U.S. Mail, Postage Prepaid |
| 949 N. 12th W. | _____ Hand Delivered |
| Rexburg, ID 83440 | _____ Overnight Mail |
| 208-716-3737 | _____ E-mail |
| | _____ Telecopy |

   /s/ John F. Kurtz, Jr.                    

     John F. Kurtz, Jr.

EIGHTH REPORT OF R. WAYNE KLEIN, RECEIVER (FOR PERIOD ENDING DECEMBER 31, 2010) - 1